UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RYAN SWEENEY**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **NATIONWIDE MUTUAL INSURANCE COMPANY**, *et al.*, <br><br> Defendants. | Civil Action 2:20-cv-1569 <br><br> Judge James L. Graham <br><br> Magistrate Judge Chelsey M. Vascura |

## **OPINION AND ORDER**

This matter is before the Court for consideration of Defendants Nationwide Mutual Insurance Company, Nationwide Life Insurance Company, Investment Committee of the Nationwide Savings Plan, David Berson, David LaPaul, Kevin O'Brien, Klaus Diem, Michael Mahaffey, and Michael P. Leach's (collectively "Defendants") Objections to Magistrate Judge's January 6, 2023 Order Granting Plaintiffs' "Oral Motion to Compel." (ECF No. 110.) For the reasons that follow, Defendants' objections are **OVERRULED**, and Magistrate Judge Vascura's January 6, 2023 Order compelling the parties "to engage in the iterative process of generating hit reports, discussing the results, and proposing refinements as appropriate as to Plaintiffs' Proposed Search Nos. 1, 2, and 5" (Jan. 6, 2023 Order, ECF No. 103) is **AFFIRMED**.

### I. BACKGROUND

As explained in further detail in the March 18, 2022 Opinion and Order (ECF No. 64), Plaintiffs are participants in the Nationwide Savings Plan ("the Plan"), a tax-qualified defined contribution pension plan available to eligible employees of Nationwide Mutual Insurance

Company ("Nationwide Mutual") and certain subsidiaries. The most popular Plan investment option is the Guaranteed Investment Fund. The Guaranteed Investment Fund ("GIF") is a benefit-responsive group annuity contract between the Plan and Nationwide Life Insurance Company ("Nationwide Life"). The Plan is credited a percentage of its investment in the Guaranteed Investment Fund as the assumed growth on investment. This percentage is called a crediting rate and is set annually by Nationwide Mutual through Nationwide Life.

Plaintiffs allege that Nationwide Life provides custodial, actuarial, investment, and accounting services to the Plan related to the GIF. In return, Nationwide Life compensates itself by reducing the credit otherwise owed to the Plan. The amount of compensation is not dictated by contract; instead, Nationwide Mutual determines the amount of compensation it will earn. Nationwide Life is also compensated for the opportunity cost of having to set aside money to meet its contracted-for guaranteed obligations. (*See generally* Am. Compl., ECF No. 26.)

Plaintiffs filed the present putative class action on January 26, 2020. In their Amended Complaint, they assert claims under the Employee Retirement Income Security Act, 29, U.S.C. § 1001, *et seq.*, for (1) breach of fiduciary duties under § 1104, (2) prohibited transactions under § 1106(a), (3) prohibited transactions under § 1106(b), and (4) inurement of plan assets to the benefit of the employer under § 1103(c).

Beginning in October 2022, the parties raised various discovery disputes with the Magistrate Judge, first by requesting an informal conference via email pursuant to S.D. Ohio Civ. R. 37.1 and the Magistrate Judge's Preliminary Pretrial Order (ECF No. 77), and then in writing via position statements on November 3, 2022 and January 3, 2023. The Magistrate Judge held a conference on December 1, 2022, during which she denied Plaintiffs' oral motion to

compel production of Defendants' electronically stored information ("ESI") as premature. (Dec. 1, 2022 Order, ECF No. 96.) The Magistrate Judge further ordered:

> In light of Defendants' recent partial production of ESI, search terms, custodians, and hit reports, the parties are **ORDERED** to further meet and confer by simultaneous means such as telephone or video conference regarding Defendants' ESI production. The Court expects that the parties will have arrived at either agreement or impasse with regard to the universe of pertinent documents for Defendants' ESI production (including search terms and custodians) no later than January 3, 2023. The parties are **ORDERED** to provide the Court with position statements of no more than two pages in length, outlining any remaining disputes related to Defendants' ESI production, by **5:00pm on January 3, 2023**, via email, copying counsel for all parties, to Vascura_Chambers@ohsd.uscourts.gov. The undersigned will hold a telephone conference at **2:00pm on January 6, 2023** to discuss any outstanding ESI disputes.

(*Id.*) The Magistrate also denied without prejudice Plaintiffs' oral motion to compel supplemental responses to Plaintiffs' Request for Production Nos. 11, 18, 20–24, 28, and 33 and Interrogatory Nos. 3–4, advising that Plaintiffs may file a properly-supported motion to compel on the docket during the discovery period. (*Id.*)

As directed by the December 1, 2022 Order, the parties submitted position statements on January 3, 2023 via email. (ECF No. 102.) During the January 6, 2023 conference, the parties reported they had reached agreement, or were continuing to meet and confer, as to all but three of Plaintiffs' proposed search strings (Nos. 1, 2, and 5), as to which the parties had reached an impasse. (Jan. 6, 2023 Order, ECF No. 103.) The three search strings in question all relate to the method by which Defendants determine the crediting rate for the GIF. (*Id.*)

After hearing from the parties, the Magistrate Judge found that Plaintiffs satisfied the necessary threshold showing of relevance because information related to the method by which Defendants determine the crediting rate for the GIF is relevant to Plaintiffs' claims for violation of the duty of loyalty and Defendants' statutory defenses. (*Id.*) The Magistrate Judge further found that Defendants had not provided any information to support their proportionality

3

objection, noting that Defendants had not run a hit report for Plaintiffs' proposed search terms 1, 2, and 5, and therefore the Court was unable to evaluate the time and cost required to review documents returned by Plaintiffs' proposed searches. (*Id.*) Finally, the Magistrate Judge noted that Defendants' reliance on the parties' briefing on Plaintiff's pending motion under Federal Rule of Civil Procedure 56(d) was misplaced, as the determination of whether any particular discovery is necessary to respond to a summary judgment motion is not dispositive of whether it is otherwise within the scope of permissible discovery under Rule 26(b) and no stay of discovery had been entered. (*Id.*) Accordingly, the Magistrate Judge granted Plaintiffs' oral motion and ordered the parties "to engage in the iterative process of generating hit reports, discussing the results, and proposing refinements as appropriate as to Plaintiffs' Proposed Search Nos. 1, 2, and 5." (*Id.*) The Magistrate Judge concluded by noting that, "based on Plaintiffs' agreement to narrow certain other of their search strings (by, *e.g.*, removing general terms such as "401k" or "plan"), similar revisions to Search Nos. 1, 2, and 5 may be appropriate." (*Id.*)

Defendants timely filed objections to the Magistrate Judge's January 6, 2023 Order on January 20, 2023. (ECF No. 110.) Plaintiffs filed a response on February 3, 2023. (ECF No. 121.)

## II.     STANDARD OF REVIEW

Defendants seek a final determination before the undersigned district judge upon the timely objections they filed pursuant to Fed. R. Civ. P. 72(a). A ruling by a magistrate judge on a nondispositive pretrial matter should be modified or set aside by a district judge only if found to be clearly erroneous or contrary to law. *Id.* The "clearly erroneous" standard applies to factual findings, while a magistrate judge's legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

A magistrate judge's factual finding is "clearly erroneous" if the district judge has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Whereas "a legal conclusion is 'contrary to law' when the magistrate judge has 'misinterpreted or misapplied applicable law.'" *Elmore v. Shoop*, No. 1:07-cv-776, 2020 U.S. Dist. LEXIS 109787, at *4 (S.D. Ohio June 22, 2020) (citations omitted).

### III. DISCUSSION

Defendants' objections lack merit. First and foremost, the January 6, 2023 Order did not compel the production of any documents—it merely compelled the parties to engage in the iterative process of running hit reports and suggesting refinements as to proposed search Nos. 1, 2, and 5. Moreover, the Magistrate Judge did not reverse her prior order requiring Plaintiffs to file a written motion to compel; Defendants instead conflate two different sections of the December 1, 2023 Order: one directing the parties to meet, confer, and submit position statements related to ESI searches in advance of January 6, 2023 conference to address outstanding ESI disputes, and one advising Plaintiffs that they may file a motion to compel production of documents if the parties were unable to reach agreement as to particular document requests and interrogatories.

Second, although Federal Rule of Civil Procedure 7(b)(1)(A) states that "[a] request for a court order made by motion" and "the motion must be in writing unless made during a hearing or a trial," the Court finds this requirement amply satisfied. *See Ramsey v. Receivables Performance Mgmt., LLC*, 2019 WL 1054550, at *2 (S.D. Ohio Mar. 6, 2019). The parties submitted written position statements in advance of the conference to discuss outstanding ESI disputes. Defendants also had notice that ESI matters may be ruled on orally due to the

December 1, 2022 Order and the Magistrate Judge's oral rulings on prior oral motions at the December 1, 2022 conference.

Third, the Magistrate Judge did not err in declining to rely on the parties' briefing on Plaintiffs' Rule 56(d) motion. The Rule 56(d) inquiry—whether particular discovery is necessary before a party can properly respond to a motion for summary judgment—is narrower than the general relevance analysis under Rule 26(b). Further, the parties' deadline to submit their position statements in advance of the January 6, 2023 conference was January 3, 2023; Defendants timely submitted their two-page position statement, referencing only their arguments in their *as-yet-forthcoming* opposition brief to Plaintiffs' Rule 56(d) motion, and then emailed a courtesy copy of their 20-page opposition brief to the Magistrate Judge's chambers less than 24 hours prior to the January 6, 2023 conference. The Magistrate Judge was within her discretion to not consider extraneous briefing offered at the eleventh hour instead of the brief position statement focused on ESI that she requested.

Finally, the Court has reviewed the parties' position statements (ECF No. 102) and the January 6, 2023 Order and finds no error in the Magistrate Judge's conclusion that Plaintiffs' proposed search Nos. 1, 2, and 5 are relevant to Plaintiffs' duty of loyalty claims and Defendants' statutory defenses, notwithstanding *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1169 (6th Cir. 2022). As this Court has already held, Plaintiff's claim for violation of fiduciary duties centers around allegations of self-dealing, not necessarily allegations that Defendants acted otherwise imprudently. (March 18, 2022 Op. & Order 13, ECF No. 64.) Further, Defendants' asserted defense under § 1108(b)(5) "requires, among other things, that the plan pay no more than adequate consideration to the insurer." *Id.* Plaintiffs are therefore entitled to discovery related to the compensation paid to Defendants. Moreover, Defendants *still* have not

6

provided the Court with appropriate information to evaluate the proportionality of Plaintiffs' proposed searches, as the hit report returning over 580,000 hits (which Defendants ran only after the Magistrate Judge issued the January 6, 2023 Order) did not account for the Magistrate Judge's suggestion that the parties remove general search terms such as "401k" or "plan."

## IV.   CONCLUSION

For the reasons stated above, Defendants' objections are **OVERRULED**, and Magistrate Judge Vascura's January 6, 2023 Order (ECF No. 103) is **AFFIRMED**.

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: March 17, 2023