# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Ryan Sweeney, et al.,**

      Plaintiffs,

  v.

**Nationwide Mutual Insurance Company, et al.,**

      Defendants.

Case No: 2:20-cv-1569

Judge Graham

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiffs Ryan Sweeney and Bryan Marshall ("Plaintiffs") bring this putative class action asserting violations of the Employment Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiffs claim that the Defendants violate four specific provisions of ERISA by improperly administering a retirement savings program. (ECF No. 67 at PAGEID 1165.) Specifically, "Plaintiffs allege that Defendants (1) breached their fiduciary duties under 29 U.S.C. § 1104; (2) caused the Plan to engage in prohibited transactions under 29 U.S.C. §§ 1106(a) & (b); and (3) violated ERISA's anti-inurement provision, 29 U.S.C. § 1103(c)." (ECF No. 98 at PAGEID 3111.) This Court previously denied Defendants' Motion to Dismiss. (ECF No. 64.) On November 15, 2022, Defendants subsequently filed a Motion for Summary Judgment.[1] (ECF No 87.) Plaintiffs responded to the Motion by requesting relief under Rule 56(d) so that the Plaintiffs could conduct further discovery prior to responding to the summary judgment motion. (ECF No. 98.) This action is now before the Court to consider Plaintiffs' 56(d) Motion.

### I. Facts

The facts, as alleged by Plaintiffs, have been thoroughly detailed in this Court's previous Opinion and Order. Briefly, Plaintiffs are a group of current and former Nationwide employees[2] who participate in the Guaranteed Fund, a group annuity contract between the Savings Plan (a retirement plan) and Nationwide Life Insurance Company. (ECF No. 26 at PAGEID 99.) The contract is a guaranteed fund that holds $1.7 billion of retirement savings. (*Id*. at PAGEID 101.)

---

[1] At the time, the deadline for dispositive motions was August 16, 2023.
[2] Employees of Nationwide's affiliates are also included in the Plaintiffs' proposed class.

Nationwide Life is owned by Nationwide Financial, which is an indirect subsidiary of Nationwide Mutual. (*Id*. at PAGEID 99.)

To administer the retirement plan, the funds invested by employees are transferred into Nationwide Life's general account and employes are guaranteed a rate of return. (*Id*. at PAGEID 102.) Nationwide Life reduces the credit to the employees to compensate itself, including through insurance contract charges to the account for custodial, actuarial, investment, and accounting services, and an opportunity cost charge. (*Id*.) Nationwide Mutual determines the compensation that Nationwide Life earns. (*Id*. at PAGEID 102.)

## II.  Rule 56(d) Standard

"It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). As such, the rule provides that upon a party's showing that it "cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may deny the motion or defer consideration of it and allow time for the parties to conduct discovery. Fed. R. Civ. P. 56(d). "Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery." *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 U.S. Dist. LEXIS 160042, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011) (citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231-232 (6th Cir. 1994)). "The Sixth Circuit has made clear that if the party seeking relief under Rule 56(d) has not received a full opportunity to conduct discovery, denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Wilson v. Ebony Constr. LLC*, No. 2:17-cv-1071, 2018 U.S. Dist. LEXIS 170131, at *9 (S.D. Ohio Oct. 2, 2018) (internal quotations omitted).

The party seeking Rule 56(d) relief must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). "Rule 56(d) requires more than speculation that, if it could obtain more discovery, a party might find some way to support a claim. It requires a specific explanation of what facts the movant would assert are true and why it cannot yet prove them." *Redhawk Global, LLC v. World Projects Int'l*, No. 2:11-CV-666, 2012 U.S. Dist. LEXIS 77941, 2012 WL 2018528, at *5 (S.D. Ohio June 5, 2012).

In the Sixth Circuit, courts evaluate several factors to determine whether to grant a 56(d) motion.

> These factors include (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would . . . change[] the ruling . . . ; (3) how long the discovery period has lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Wilson*, 2018 U.S. Dist. LEXIS at *8. In this matter, the first factor is inapplicable, so the Court will focus on the other four factors.

### III.   Discussion

Plaintiffs' motion seeks discovery in several areas which include "emails, depositions of key witnesses, information related to the GF's expenses and accounting, and information related to the crediting rates, terms, and expenses that Nationwide Life offered to other investors in similar group annuity contracts." (ECF No. 98 at PAGEID 3106.) In their Motion for Summary Judgment, the Defendants argue that summary judgment should be granted in Defendants' favor because the Annuity Contract qualifies as a "transition policy" and safe harbor provisions in ERISA law apply. Additionally, Defendants allege that summary judgment must be granted because the Defendants have not violated any fiduciary duties, including the duty of loyalty, duty to act as a prudent person, and duty to act to provide benefits to Plan participants because the Defendants have no obligation to offer investment options with the highest returns or lowest fees. Defendants also argue they engaged in a "reasoned decision-making process" when deciding to continue to offer the retirement option in dispute. (ECF No. 87 at PAGEID 1306.) Therefore, Defendants object to this Motion on the theory that Plaintiffs are not requesting discovery to refute Defendants' assertion that safe harbor provisions apply. Additionally, Defendants assert that details about Nationwide Life's general account and costs that Defendants imposed on Plaintiffs to administer the annuity contract are irrelevant. Defendants also generally assert that Plaintiffs do not request specific discovery in their 56(d) motion.

#### A. Timeliness and Diligence

The Court will consider together the third factor, the length of the discovery period, the fourth factor, the diligence of the party requesting 56(d) relief, and the fifth factor, whether the party opposing 56(d) relief was responsive to discovery requests. The Sixth Circuit has made clear

3

that "our main inquiry is whether the moving party was diligent in pursuing discovery." *Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019).

There is no evidence that Plaintiffs have delayed discovery. Plaintiffs served their first set of discovery requests two days after the Rule 26(f) conference and have attempted to remain diligent in their seeking of discovery. (Richter Dec.) Defendants note that Plaintiffs have failed to conduct depositions and posit this is evidence that Plaintiffs have not been diligent. However, as Defendants do not dispute they had yet to produce all custodial documents, and Plaintiffs point out that they had not conducted all depositions at the time of filing due to Defendants' lack of production of custodial documents, the Court disagrees with Defendants' position. Plaintiffs' statement, that they sought discovery from witnesses prior to conducting depositions with those witnesses, is a plausible reason for the delay of the depositions.

Additionally, Defendants have not timely complied with discovery requests. These assurances are evidenced by several delays throughout the discovery period and numerous discovery disputes brought to the Magistrate Judge throughout the course of litigation, in which the Magistrate Judge has compelled Defendants to produce discovery for Plaintiffs. (ECF No. 110.)

Relatedly, Defendants' Motion for Summary Judgment was submitted to this Court five months before the close of discovery and nine months before the dispositive motion deadline. It can hardly be argued that Plaintiffs received a full opportunity to conduct discovery when the Motion for Summary Judgment was filed so early in the litigation. This Court finds reasonable that the Plaintiffs need further opportunity for discovery prior to responding to the Motion for Summary Judgment. Therefore, factors three, four, and five weigh in favor of granting Plaintiffs' Motion for relief under Rule 56(d).

**B. Whether the Discovery Would Change the Ruling**

Plaintiffs seek additional discovery related to alleged compensation Defendants received for administering the Plan. Plaintiffs state that Defendants have "refused to produce any information related to the component expenses and spread associated with the guaranteed fund, the process for setting the GF's crediting rate, or Nationwide Life's accounting methodologies." (ECF No. 98 at 3116.)

Plaintiffs' theory is, in part, that Defendants improperly compensated themselves while setting the compensation for the services to the Plan, which occurs prior to setting a crediting rate

4

for the Plan. Plaintiffs further state that because Defendants improperly compensated themselves, the safe harbor provision does not apply. Plaintiffs allege in several ways that this discovery will allow Plaintiffs to prove this improper compensation, as well as prove that the Defendants did not properly administer the fund, or even that they were improper in offering the fund as an option in the first place. For that reason, Plaintiffs further assert that this information regarding compensation to Defendants is material evidence that the Plaintiffs can use to prove their claims against Defendants. Defendants allege that this discovery is irrelevant because Defendants theorize they were not paid any consideration. As such, Defendants suggest that the Plaintiffs have what they need to rebut Defendants' assertion that Defendants were paid no compensation by the Plan.

However, Plaintiffs allege that Nationwide Life's compensation includes the insurance contract charges to the account for custodial, actuarial, investment, and accounting services. They allege the process of setting the crediting rate incorporates an assessment of the costs that are paid to Defendants because Defendants subtract these costs prior to determining the crediting rate for the Guaranteed Fund. Additionally, Defendants' safe harbor defense requires Defendants to have been paid "no more than adequate consideration" for services to the plan. See 29 U.S.C. § 1108(b)(5). Therefore, information related to payments from the Plan to Defendants is necessary for Plaintiffs to support their claims. More broadly, Defendants allege that this Plan qualifies as a transition policy. Plaintiffs explain that they need to conduct further discovery to rebut this allegation. This information could be used as evidence and impact the ruling on the summary judgment motion.

Plaintiffs also move under 56(d) alleging that Plaintiffs require information about other plans managed by Defendants to respond to the summary judgment motion, including crediting rates for other plans. Defendants posit that the rate of return on the Plan was appropriate compared to other plans, and therefore, discovery requested by Plaintiffs, which includes information regarding other plans managed the Defendants, is irrelevant to Plaintiffs' response to the Motion for Summary Judgment. Offering a high crediting rate compared to other plans does not signal that the Defendants were given "no more than adequate consideration" for servicing the Plan because Defendants could have taken more consideration for themselves, even if they set the crediting rate equal to that of other plans. Additionally, as the Magistrate Judge has stated, Defendants' "§ 1108(b)(5) defense requires them to show that the consideration for the insurance contract is reasonable as compared to charges paid by arm's-length parties, i.e., the fair market value." (ECF

5

No. 145 at PAGIED 6595) (internal quotations and citations omitted). Therefore, the financial information sought is useful for Plaintiffs to respond to Defendants' Motion regarding Defendants' allegations that the Plan rate of return is higher than other plans offered and could impact the Court's ruling. Additional discovery is necessary to allow Plaintiffs to rebut this assertion in Plaintiffs' opposition to summary judgment. As it could change this ruling to have the additional discovery, this factor favors Plaintiffs.

### IV. Conclusion

All applicable *Plott* factors weigh in favor of the Plaintiffs. Therefore, Plaintiffs have met their burden to indicate to the Court what discovery is still needed prior to responding to Defendants' Motion for Summary Judgment and why Plaintiffs had not been able to get it by the time the Motion was filed. Plaintiffs' Motion for relief under Rule 56(d) (ECF No. 98)[3] is **GRANTED** and Defendants' Motion for Summary Judgment (ECF No. 87) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
DATE: September 29, 2023                                                           United States District Judge

---

[3] ECF Nos. 108, 116 are also granted.