UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RYAN SWEENEY**, *et al.*,

        **Plaintiffs,**    :

  v.

**NATIONWIDE MUTUAL
INSURANCE CO.**, *et al.*,     :

        **Defendants.**

**Case No. 2:20-cv-1569
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura**

## ORDER

Plaintiffs filed suit against their former employer, Nationwide Mutual Insurance Company and related entities, for alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in connection with the Nationwide Savings Plan, a § 401(k) employee pension benefit plan. The matter is before the Court on Plaintiffs' Motion to Exclude (Mot., ECF No. 181 (redacted) / ECF No. 192 (sealed)) and Plaintiffs' Objections to the Magistrate Judge's October 30, 2024 Order (Objs., ECF No. 205 (redacted) / ECF No. 208 (sealed)). For the reasons below, Plaintiffs' Motion to Exclude is **DENIED without prejudice** and their Objections are **OVERRULED**.

**I.    MOTION TO EXCLUDE**

Per the case management schedule established by the Magistrate Judge, fact discovery closed on April 10, 2024. (ECF No. 168.) One day before the close of discovery, Defendants supplemented their response to Plaintiffs' Interrogatory No.

3, which included the first-time disclosure of ten individuals described as "personnel with knowledge relating to the assessment or calculation of the [GIF's charges], as well as the treatment of such components under the . . . Contract." (Mot. Ex. 42, ECF No. 181-43). Plaintiffs assert that, at this point, "it was too late to take discovery of the Late-Disclosed Witnesses (either by deposition or by supplementing the custodian list for purposes of document searches)," so Plaintiffs requested that Defendants confirm they would not call these ten witnesses at trial. (Richter Decl. ¶ 13, ECF No. 181-1.) Defendants refused. (*Id.*)

On April 29, 2024, Plaintiffs contacted the chambers of the Magistrate Judge to request an informal conference to (1) resolve the parties' dispute over the ability of the ten new witnesses to testifying at trial, and (2) to compel Defendants to supplement their production in response to Plaintiffs' Request for Production of Documents Nos. 93, 94, 96, and 100. The Magistrate Judge's chambers staff conveyed that the Magistrate Judge would not rule on what evidence might be admissible at trial, but a conference was scheduled for May 9, 2024, to address Plaintiffs' remaining concerns. During that conference, the Magistrate Judge denied Plaintiffs' motion to compel Defendants to supplement their document production. (*See* ECF No. 177.) Plaintiffs raised no concerns related to the ten new witnesses during the conference.

Instead, Plaintiffs waited until September 25, 2024—nearly five months after requesting the conference—to file the subject motion to exclude the ten new witnesses from testifying at trial. (Mot.) The motion also seeks to exclude

2

documents that were attached to Defendants' rebuttal expert report served on July 26, 2024, but not produced during discovery, as well as to exclude the rebuttal expert report in its entirety. (*Id.*) Plaintiffs seek exclusion of all of this evidence as a discovery sanction under Federal Rule of Civil Procedure 37. Exclusion of evidence is mandatory unless the failure to disclose the evidence earlier is substantially justified or harmless. *See Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 369 (6th Cir. 2010) (quoting Fed. R. Civ. P. 37(c)(1)).

Here, Defendants have demonstrated that any allegedly untimely disclosure of witnesses or production of documents is harmless. Defendants point out that Plaintiffs could have sought the depositions of, or additional written discovery related to, the ten new witnesses—instead, Plaintiffs insist on exclusion as the only possible remedy. Similarly, to the extent that additional discovery was required in relation to any new documents appended to Defendants' rebuttal expert report, Plaintiffs could have sought an extension of the relevant deadlines to complete that discovery. Plaintiffs have not explained why any remedies short of exclusion would not cure their prejudice—prejudice that is largely of Plaintiffs' own creation by waiting several months after the relevant evidence was disclosed to file the subject motion.

Plaintiffs' Motion to Exclude is therefore **DENIED without prejudice**. The parties are **ORDERED** to confer, via simultaneous means (such as a telephone or video conference), as to a possible agreement to extend the fact and expert discovery deadlines to account for any additional discovery needed in relation to the ten new

3

witnesses and the new documents attached to Defendants' rebuttal expert report. If the parties reach an impasse after conferring, they are **ORDERED** to contact Magistrate Judge Vascura's chambers to request an informal discovery conference.

## II.    OBJECTIONS

Plaintiffs also object to the Magistrate Judge's denial of their motion to reconsider her prior rulings as to two documents referenced in Defendants' expert report. (Objs.) When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

The Court has carefully reviewed the record and considered all relevant briefing. Plaintiffs' objections do nothing more than re-argue issues already decided. The Magistrate Judge's October 30, 2024 Order is neither clearly erroneous nor

contrary to law. Accordingly, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the October 30, 2024 Order (ECF No. 200).

### III. CONCLUSION

For these reasons, Plaintiffs' Motion to Exclude (ECF Nos. 181, 192) is **DENIED without prejudice** and Plaintiffs' Objections to the Magistrate Judge's October 30, 2024 Order (ECF Nos. 205, 208) are **OVERRULED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON
CHIEF UNITED STATES DISTRICT JUDGE**