**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RYAN SWEENEY,** *et al.,*

               **Plaintiffs,**        :

     **v.**

**NATIONWIDE MUTUAL
INSURANCE CO.,** *et al.,*        :

               **Defendants.**

**Case No. 2:20-cv-1569
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
Vascura**

<u>**ORDER**</u>

On December 22, 2025, the Court issued its Opinion and Order resolving the

parties' cross-motions for summary judgment and motions to exclude expert

testimony. (December 22 Opinion, ECF No. 266.) Therein, the Court ordered the

parties to submit an agreed redacted version of the December 22 Opinion for filing

on the public docket. (*Id.*) Upon review of their submission, the Court ordered the

parties to show cause why each of the proposed redactions satisfied the standard set

out in *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir.

2016). (ECF No. 267.) The matter is now before the Court on the parties' Response

to the Order to Show Cause, which the Court construes as a Motion to Seal. (Mot.,

ECF No. 268.)

The Sixth Circuit and other courts "have long recognized . . . a 'strong

presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305

(quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165,

1179 (6th Cir. 1983)). The "heavy" burden of overcoming the presumption of

openness is borne by the proponent of sealing the record. *Id.* (citations omitted).

Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). And even still, a seal must be "narrowly tailored to serve" such compelling reasons. *Id.*

Here, Nationwide seeks to seal portions of the December 22 Opinion discussing:

> the Annuity Contract's contract margin and other financial elements, the process for calculating the Annuity Contract's crediting rate, the operation of the Additional Interest Reserve and its role in that process, the yields on investments used to support the crediting rate, and comparisons of the Guaranteed Fund's crediting rate and contract margin to other products in the market and offered by Nationwide Life.

(Mot., PAGEID # 25539.) It argues that this information is competitively sensitive and of minimal public interest. As to the specific amount of the contract margin and the specific calculation of the Crediting Rate, the Court agrees. *See Shane Grp.* at 307 (noting that "specificity is essential" in advocating to seal judicial records), 308 (explaining that "trade secrets" can be protected from disclosure). But Nationwide fails to explain how or why the December 22 Opinion's general discussion of the Additional Interest Reserve would work harm.

The Motion is **GRANTED in part** and **DENIED in part**. The proposed redactions are resolved as follows:

| Proposed Redaction | Subject | Disposition |
|---|---|---|
| 4:14 | Contract margin amount | Granted |
| 5:8–9 | Crediting rate formula | Granted in part |
| 5:16–17 | AIR | Denied |
| 5:10–21 | AIR | Denied |
| 6:1 | AIR | Denied |
| 6:3–4 | AIR | Denied |
| 7:16 | Portfolio yield in 2008 | Denied |

| 7:17 | Contract margin in 2008 | Denied |
|---|---|---|
| 7:18 | Contract margin in 2008 | Denied |
| 10:21–22 | Crediting rate formula; Contract margin amount | Granted in part |
| 21:9 | Contract margin amount | Granted |
| 21:10–12 | Contract margin amount | Granted in part |

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**